UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
File No.: 3:25-CV-955-MR

| | |
|---|---|
| SEAN DEANTE BRADSHAW, <br><br> Plaintiff, <br><br> v. <br><br> LESLIE COOLIE DISMUKES, et al., <br><br> Defendants. | **ANSWER** <br> **(Jury Trial Demanded)** |

NOW COMES Brian Bautista (hereinafter Defendant), by and through Undersigned Counsel, answering Plaintiff's Complaint[1] as follows:

### FIRST DEFENSE – ANSWER

Except as specifically admitted herein, Defendant denies all allegations and requests for relief in Plaintiff's Complaint. Otherwise, Defendant responds as follows to Sections of the Complaint:

Jurisdiction

It is admitted that Plaintiff purports to bring claims under 42 U.S.C. § 1983, but all such claims and demands for relief are denied. Except as admitted herein, the remaining allegations are denied.

---

[1] Plaintiff filed two versions of his complaint, handwritten and on a form. This answer will serve as Defendant's response to both complaints.

1

## Plaintiff Information

It is admitted that Plaintiff is an inmate with the prisoner ID of 1014789. Except as admitted herein, the remaining allegations are denied.

## Prisoner Status

Denied in that, upon information and belief, Plaintiff is a convicted and sentenced state prisoner. Except as admitted herein, the remaining allegations are denied.

## Defendant's Information

It is admitted that Defendant is an employee of the North Carolina Department of Adult Correction ("NCDAC"), as a correctional sergeant. Except as admitted herein, denied.

## Complaint

It is admitted that on August 27, 2025, Plaintiff and other inmates were in a bathroom together. It is admitted that Plaintiff told Defendant to shoot him. It is admitted that Plaintiff ignored direct orders from Defendant. It is admitted that Defendant tased Plaintiff for not following orders. Except as admitted herein, Defendant either denies the remaining allegations or lacks sufficient information to admit or deny the remaining allegations; regardless, the remaining allegations are denied.

2

## Legal Claims

Defendant either denies the allegations or lacks sufficient information to admit or deny the remaining allegations; regardless, the remaining allegations are denied.

## Legal Arguments

Defendant either denies the allegations or lacks sufficient information to admit or deny the remaining allegations; regardless, the remaining allegations are denied.

## Injuries

Defendant either denies the allegations or lacks sufficient information to admit or deny the remaining allegations; regardless, the remaining allegations are denied.

## Prisoner Litigation History

Defendant is currently without sufficient information to admit or deny the allegations contained herein, and therefore, it is denied.

## Administrative Remedies

It is admitted that Plaintiff submitted a grievance and received a Step Three response, which documents shall speak for themselves and require no response. Except as admitted herein, denied.

Relief

It is denied that Plaintiff is entitled to any relief.

## SECOND DEFENSE – QUALIFIED IMMUNITY

Qualified immunity shields the Defendant in their individual capacity from Plaintiff's claims against them for monetary damages, if any, as Defendant did not violate any clearly established federal law or constitutional rights of which a reasonable person would have known.

## THIRD DEFENSE – FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

To the extent it is determined that Plaintiff failed to exhaust his available administrative remedies, Defendant asserts that such failure bars Plaintiff's claims.

## FOURTH DEFENSE – SUPERSEDING CAUSE

To the extent it is determined that the actions or omissions of any other person(s) (including Plaintiff) was a proximate cause of injury to Plaintiff and thereby interrupted the casual relationship between any alleged (but denied) wrongful actions of Defendant with respect to the alleged injury to Plaintiff, Defendant pleads such intervening and superseding actions as a complete bar against any recovery by Plaintiff from Defendant in this matter.

4

## FIFTH DEFENSE – NO PROXIMATE CAUSE

Defendant's conduct was at all times in accordance with the applicable standards of care and no alleged act or alleged failure to act was the proximate cause of any injury to Plaintiff.

## SIXTH DEFENSE – ASSUMPTION OF RISK

To the extent it is determined that Plaintiff knew of a condition inconsistent with his safety and voluntarily chose to be exposed to that condition, resulting in his injury, then Defendant pleads Plaintiff's assumption of risk as a complete bar.

## SEVENTH DEFENSE – FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state a claim upon which relief can be granted, and Defendant pleads this failure in bar of Plaintiff's claims against them. The Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to support a finding that Defendant violated Plaintiff's rights under the Constitution or federal law. Lastly, the Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to state any other legally cognizable claims.

## EIGHTH DEFENSE – FAILURE TO MITIGATE DAMAGES

To the extent it is determined that Plaintiff failed to mitigate his damages, Defendant pleads such failure as a bar to Plaintiff's claims, or alternatively, as an offset to Plaintiff's alleged damages.

## NINTH DEFENSE – NO PUNITIVE DAMAGES

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendant, and Defendant pleads such failure in bar of any such recovery. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendant required to support a claim for punitive damages.

## RESERVATIONS OF RIGHTS

Without waiving any other defenses or immunities asserted herein, Defendant asserts any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Defendant hereby prays the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendants;

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;

6

4.      For a trial by jury on all issues so triable; and

5.      For such other and further relief as the Court deems just and proper.


Respectfully submitted this the 4th day of May, 2026.


                        JEFF JACKSON
                        ATTORNEY GENERAL


                        /s/ Jadae K. Bridges_____
                        Jadae K. Bridges
                        Assistant Attorney General
                        North Carolina Department of Justice
                        Post Office Box 629
                        Raleigh, North Carolina 27602-0629
                        Telephone: (919) 716-6907
                        Facsimilie: (919) 716-6761
                        jbridges@ncdoj.gov
                        State Bar No. 59766
                        Attorney for Defendant

7

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

Sean Deante Bradshaw
OPUS No. 1014789
Mountain View Correctional Institution
545 Amity Park Road
Spruce Pine, NC 28777

This the 4th day of May, 2026.

/s/ Jadae K. Bridges
Jadae K. Bridges
Assistant Attorney General

8